IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LOGANTREE LP,

    *Plaintiff,*

vs.

GARMIN INTERNATIONAL, INC. and
GARMIN USA, INC.,

    *Defendants.*

Case No. 17-1217-EFM-KGS

**MEMORANDUM AND ORDER**

Plaintiff LoganTree LP has sued Defendants Garmin International, Inc. and Garmin U.S.A., Inc. (collectively "Garmin") for patent infringement of U.S. Patent No. 6,059,576 ("the '576 Patent"), as reexamined. Garmin moves to dismiss LoganTree's infringement claim pursuant to Fed. R. Civ. P. 12(b)(6) and asks the Court for a hearing on its motion. Because LoganTree pled its infringement claim in sufficient detail, the Court denies Garmin's Motion to Dismiss as well as its motion for a hearing.

### I.     Factual and Procedural Background

LoganTree is a partnership organized under Nevada law. LoganTree's sole general partner is Gulfstream Ventures, LLC, which is owned and managed by Theodore and Anne Brann. Theodore Brann is the named inventor of the '576 Patent, which was issued by the United States

Patent and Trademark Office ("PTO") on May 9, 2000. Brann assigned all right, title and interest in the '576 Patent to LoganTree.

The '576 Patent generally relates to a device worn by an individual that measures, analyzes, and records data about the individual's body movements using an accelerometer, programmable microprocessor, internal clock, and memory. One of the preferred embodiments for the device consists of a "self-contained movement measuring device" that can be attached to the individual in a "variety of positions based on the specific movement being observed" and the "particular application in which the device is used." The '576 Patent notes that the invention could be useful "for any number of sports, including football, baseball, basketball, or tennis" due to the variety of ways that the microprocessor can be programmed to operate.

On March 17, 2015, following a reexamination requested by LoganTree, the PTO issued a reexamination certificate for the '576 Patent, bearing U.S. Patent No. 6,059,576 C1 (the "reexamined '576 Patent"). The reexamined '576 Patent contains 185 claims. Claims 1, 13, and 20 are independent claims, and the remaining 182 claims are dependent on Claims 1, 13, or 20. Claim 1 is a "device" claim that sets forth the elements of the patented device. This claim provides for:

> A portable, self-contained device for monitoring movement of body parts during physical activity, said device comprising:
>
> a movement sensor capable of measuring data associated with unrestrained movement in any direction and generating signals indicative of said movement;
>
> a power source;
>
> a microprocessor connected to said movement sensor and to said power source, said microprocessor capable of receiving, interpreting, storing, and responding to said movement data based on user-defined operational parameters, detecting a first user-defined event based on the movement data and at least one of the user-defined operational parameters regarding the movement data, and storing first event

information related to the selected first user-defined event along with the first time stamp information reflecting a time at which the movement data causing the first user-defined event occurred;

at least one user input connected to said microprocessor for controlling the operation of said device;

a real-time clock connected to said microprocessor;

memory for storing said movement data; and

an output indicator connected to said microprocessor for signaling the occurrence of user-defined events;

wherein said movement sensor measure the angle and velocity of said movement.

Claim 13 defines the patented "system" to comprise the claim 1 device when connected via a "download service" to "a computer running a program capable of interpreting" the data gathered by the claim 1 device. And, claim 20 is a method claim, setting forth "[a] method to monitor physical movement of a body part."

LoganTree alleges that Garmin is making, selling, and offering to sell to customers within the United States accelerometer-based activity monitoring devices that infringe the reexamined '576 Patent. Specifically, LoganTree alleges that the following models of wearable accelerometer-based activity trackers infringe its patent: vivofit model family, vivosmart model family, vivoactive model family, vivomove model family, Fenix model family, Forerunner model family, Epix model family, Tactix model family, Quatix model family, D2 model family, Approach model family, Foretrex model family, TruSwing model family, and the Swim model family (collectively, the "Accused Products").

LoganTree initially filed suit in the Western District of Texas, but that suit was dismissed without prejudice on venue grounds. On August 23, 2017, LoganTree filed suit in this Court alleging infringement of each of the 185 claims in the reexamined '576 Patent. LoganTree's

Complaint contains a description of the '576 Patent, sets forth the three independent claims of the '576 Patent, and attaches a chart detailing how three of Garmin's Accused Products allegedly incorporate the elements of claim 1 of the reexamined '576 Patent. LoganTree seeks an award of damages to compensate it for Garmin's alleged infringement, a permanent injunction prohibiting Garmin from infringing the reexamined '576 Patent, attorneys' fees, and costs. Garmin has filed a Motion to Dismiss LoganTree's Complaint for failure to state a claim (Doc. 10) and a Motion for Hearing on its Motion to Dismiss (Doc. 19). LoganTree opposes Garmin's Motion to Dismiss, but in the alternative, moves to amend its Complaint (Doc. 15).

## II. Legal Standard

Before December of 2015, a plaintiff only needed to comply with Form 18 to sufficiently plead a claim of direct patent infringement. Form 18 sets forth fairly simple pleading elements, only requiring:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by "making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.[1]

But in December of 2015, Form 18 was eliminated from the Federal Rules of Civil Procedure.[2] Since then, the Federal Circuit has applied the *Twombly* and *Iqbal* pleading standards to claims for direct patent infringement.[3] Under these standards, to survive a motion to dismiss, a complaint

---

[1] *Lyda v. CBS Corp.*, 838 F.3d 1331, 1338 (Fed. Cir. 2016) (citations omitted).

[2] *See Gracenote, Inc. v. Sorenson Media, Inc.*, 2017 WL 2116173, at *2 (D. Utah 2017) (citation omitted).

[3] *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376-77 (Fed. Cir. 2017); *see Artrip v. Ball Corp.*, 2018 WL 2329742, at *5 n.4 (Fed Cir. 2018) (stating that the plausibility standard applies to direct infringement claims); *Disc Disease Solutions, Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (concluding that a complaint met the requirements of *Iqbal/Twombly*).

must contain sufficient factual matter, accepted as true, "to 'state a claim for relief that is plausible on its face.' "[4] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5] "Merely pleading facts that are consistent with liability or stating legal conclusions is not sufficient."[6]

### III. Analysis

Garmin challenges the sufficiency of the factual support in LoganTree's Complaint. Garmin argues that for LoganTree to establish a plausible basis for infringement, it must show how the accused products infringe each limitation of at least one claim of the asserted patent. According to Garmin, if a single limitation is missing from the Complaint, then LoganTree has not met its burden under *Iqbal/Twombly*.

The Court, however, is not persuaded that LoganTree must meet such a stringent standard to state a claim for direct infringement. Garmin's argument is based on a non-binding opinion from the Northern District of Illinois.[7] Furthermore, two recent Federal Circuit decisions indicate that such detailed pleading is not necessary for a patent infringement claim to survive a Rule 12(b)(6) motion. In *Disc Disease Solutions, Inc. v. VGH Solutions, Inc*., the defendant sought to dismiss the plaintiff's claim for direct infringement on the basis that it did not meet the *Iqbal/Twombly* pleading standard.[8] The plaintiff in that case filed its complaint one day before

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] *Iqbal*, 556 U.S. at 678.

[6] *Artrip*, 2018 WL 2329742, at *5 (citing *Iqbal*, 556 U.S. at 678).

[7] *Atlas IP, LLC v. Exelon Corp*., 189 F. Supp. 3d 768 (N.D. Ill. 2016).

[8] 888 F.3d at 1258-59.

Form 18 was abrogated.[9] The complaint specifically identified the defendant's products and generally alleged that the products met each element of at least one claim of the plaintiff's patent.[10] The plaintiff also attached the asserted patent and photographs of the accused products to the complaint.[11] On appeal to the Federal Circuit, the plaintiff argued that the district court erred in not applying the standard in Form 18 because Form 18 was in effect on the date the complaint was filed.[12]

The Federal Circuit concluded that the plaintiff sufficiently pled its claims under *Iqbal/Twombly*, and therefore it was not necessary to determine whether Form 18 or the *Iqbal/Twombly* standard applied.[13] Reiterating the Supreme Court's ruling in those cases, the Federal Circuit stated that the "plausibility standard is met when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' "[14] According to the court, the plaintiff's allegations were sufficient because the case involved simple technology, the asserted patents consisted of only four independent claims, and the complaint identified the three accused products by name and picture.[15]

---

[9] *Id*. at 1258.

[10] *Id*.

[11] *Id*.

[12] *Id*. at 1259.

[13] *Id*. n.3.

[14] *Id*. at 1260 (quoting *Iqbal*, 556 U.S. at 678).

[15] *Id*.

The Federal Circuit applied the same standard in a subsequent case—*Artrip v. Ball Corp.*[16] At issue in that case was the plaintiff's third amended complaint, which described the parties and the patents at issue and alleged that the defendant infringed the patents by using one or more machines at a certain plant operated by the defendant.[17] The third amended complaint did not otherwise identify the accused machines, but it generally alleged that the machines included each element of each patent's single independent claim.[18] The complaint also identified additional plants operated by the defendant and alleged on information and belief that machines in each of those plants infringed one or more of the asserted patents.[19] Applying the *Iqbal/Twombly* standard, the Federal Circuit concluded that the allegations were insufficient to state a plausible claim for direct infringement.[20] The court noted that the plaintiff's attorney had access to the defendant's plant and photographed the defendant's equipment, but the complaint did not identify any of the particular machines that infringed the patents other than by broad functional language.[21] And compared to the plaintiff in *Disc Disease*, the plaintiff did not fairly identify the accused machines.[22]

Notably, in *Disc Disease* and *Artrip*, the Federal Circuit did not analyze whether the plaintiff alleged that the accused product incorporated every limitation of the claims of the patents

---

[16] 2018 WL 2329742.

[17] *Id*. at *2.

[18] *Id*.

[19] *Id*.

[20] *Id*. at *5.

[21] *Id*.

[22] *Id*.

at issue. Instead, the Federal Circuit stated that "specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the ground upon which it rests.' "[23] In light of the Federal Circuit's analysis, this Court declines to endorse the heightened pleading requirement that Garmin seeks to impose on LoganTree. Thus, a plausible claim for direct infringement need not show how the accused product infringes each limitation of one claim of the patent at issue.

Garmin argues that even considering the Federal Circuit's analysis in *Disc Disease*, LoganTree's Complaint falls short of meeting the plausibility standard. Garmin argues that *Disc Disease* is distinguishable from this case because *Disc Disease* involved four independent claims directed to a simple technology while this case involves 185 patent claims involving a complex technology and numerous accused products. The Court agrees that this case is far more complex than *Disc Disease* in terms of the technology, number of claims, and number of Accused Products. But, this does not mean that LoganTree's Complaint is deficient. Rather, LoganTree's Complaint contains sufficient factual matter to state a claim for relief that is plausible on its face.

The Complaint first contains a detailed description of the invention set forth in the '576 Patent and attaches the '576 Patent and the '576 Reexamination Certificate. The Complaint also recites verbatim the elements of claim 1 of the reexamined '576 Patent. Next, the Complaint provides an element-by-element explaination of how Garmin's Accused Products infringe claim 1 of the reexamined '576 Patent. Specifically, the Complaint alleges that (1) the "movement sensor" used in the Accused Products includes "an accelerometer"; (2) the "power source" used in the Accused Products includes a "rechargeable internal battery"; (3) the Accused Products contain a

---

[23] *Disc Disease*, 888 F.3d at 1260 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

microprocessor capable of receiving, interpreting, storing, and responding to movement data detected by the accelerometer based on "user-defined" events that can be programmed into the Accused Products, such as "a goal of 10,000 steps, the user's height, the angle or speed of the wearer's golf swing, distance traveled, calories burned, etc."; (4) the user inputs in the Accused Products include "buttons" and "touch screen"; (5) the Accused Products contain a real-time clock and memory "for storing movement data"; and (6) the output indicators of the Accused Products include "screens, LED readouts, [or] colored lights." These allegations are not conclusory statements that simply repeat the language of the claims.

LoganTree provided further factual support for its direct infringement claim by attaching a claim chart to the Complaint. The claim chart allegedly shows how three of the Accused Products (the Forerunner 35, the vivoactive HR, and the fenix 5 Series) contain each element of claim 1 of the reexamined '576 patent. LoganTree refers to information taken from Garmin's website as the source of information for the chart.

The Complaint also explains how Garmin's products allegedly infringe the two other independent claims of the reexamined '576 Patent, although LoganTree has not attached a claim chart for these claims, and how one of Garmin's products embodies a specific application of the invention described in the '576 Patent. Specifically, in paragraph 36 of the patent, LoganTree describes one of the applications of the invention from the '576 Patent and then quotes language from Garmin's website describing its TruSwing device. LoganTree alleges that the TruSwing device is an application of its invention that is specifically described in the '576 Patent.

Garmin complains that LoganTree's Complaint fails to give it "even scant notice" of what the issues are in this case. But Garmin focuses exclusively on the fact that LoganTree has not alleged how each Accused Product incorporates every limitation of the reexamined '576 Patent's

claims.[24] LoganTree is not required to prove its case at this stage in the litigation.[25] It must only "plead factual content that allows the court draw the reasonable inference that [Garmin] is liable for the misconduct alleged."[26] LoganTree has accomplished this task. Therefore, Garmin's Motion to Dismiss is denied.

Garmin has also moved the Court for a hearing regarding its Motion to Dismiss to provide further insight or respond to any technical issues raised in its motion. A hearing, however, is not necessary to decide Garmin's motion. Therefore, Garmin's request for oral argument is denied.

**IT IS THEREFORE ORDERED** that Garmin's Motion to Dismiss for Failure to State a Claim (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for leave to Amend Complaint (Doc. 15) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Garmin's Motion for Hearing re Motion to Dismiss for Failure to State a Claim (Doc. 19) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of July, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[24] In support of its argument, Garmin relies on *Joao Control & Monitoring Sys., LLC v. Protect America, Inc.*, 2015 WL 3513151 (W.D. Tex. 2015), but this case is not persuasive. In *Protect America*, the plaintiff's complaint asserted, without further specification, that the defendant's products infringed "one or more" of the over 900 claims covered in the six patents in suit. *Id*. at *4. There are not nearly as many patents or claims at issue in this case. Moreover, LoganTree's Complaint contains more than just a simple, general allegation that Garmin's Accused Products infringe "one or more" of the reexamined '576 Patent's claims.

[25] *See Iqbal*, 556 U.S. at 678.

[26] *Id*.