# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LOGANTREE LP,

    *Plaintiff,*

vs.

GARMIN INTERNATIONAL, INC. and
GARMIN USA, INC.,

    *Defendants.*

Case No. 17-1217-EFM-KGS

## MEMORANDUM AND ORDER

Defendants Garmin International, Inc., and Garmin USA, Inc. (collectively "Garmin") move this Court for a stay pending *inter partes* review ("IPR") of the patent in suit. In addition, Garmin moves the Court for an intra-district transfer for trial to Kanas City, Kansas. As explained below, the Court grants Garmin's motion to stay the case until the Patent Trial and Appeal Board ("PTAB") issues its decisions regarding Garmin's IPRs. Furthermore, because the PTAB's decision could simplify the issues in the case such that Plaintiff LoganTree LP no longer has a claim for infringement, the Court denies Garmin's motion for intra-district transfer for trial without prejudice.

### I.    Factual and Procedural Background

Plaintiff LoganTree LP filed this patent infringement suit on August 23, 2017, alleging that Garmin's accelerometer-based activity trackers infringe its U.S. Patent No. 6,059,576 (the

'576 Patent). In February 2018, Garmin filed two petitions for IPR with the PTAB covering 52 of the 185 claims of the '576 Patent. LoganTree did not file a Patent Owner Preliminary Response, and on August 30, 2018, the PTAB instituted the IPRs on all grounds. The PTAB is expected to complete the proceedings and issue its final decisions by August 30, 2019.

In August 2018, Garmin moved for intra-district transfer for trial to Kansas City, Kansas (Doc. 26). It also filed a Motion to Stay Case Pending *Inter Partes* Review of the '576 Patent (Doc. 32). Because of Garmin's motion to stay the case, the Court cancelled the scheduling conference set for September 18, 2018. As a result, the parties have not served or completed any discovery, infringement contentions, or invalidity contentions.

## II. Legal Standard

The Court considers three factors when deciding whether to stay judicial proceedings pending IPR: "(1) whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."[1] These factors help the Court to determine "whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation."[2] In the District of Kansas, there is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of [the PTAB's] reexamination or reissuance

---

[1] *Digital Ally, Inc. v. Taser Int'l, Inc.*, 2017 WL 1048351, at *2 (D. Kan. 2017) (citations omitted).

[2] *Id*.

proceedings."³ The moving party bears the burden of showing that a stay is appropriate, and this showing must include more than the simple fact that an IPR was filed.⁴

### III.    Analysis

**A.    Garmin's Motion to Stay**

*1.    Stage of Litigation*

The first factor the court considers in determining whether to stay the case is the stage of the proceedings. This case is in its infancy. Upon the filing of Garmin's motion, the court postponed the initial scheduling conference. No schedule has been set; no discovery has been conducted; no depositions have been conducted, and no *Markman* hearing has been set. The parties have only exchanged Rule 26 initial disclosures. LoganTree claims that this case has been active for almost two years and should not be delayed any further. The Court acknowledges that this lawsuit was initially filed in the Western District of Texas, but there was no action in the Texas litigation that would weigh against granting a stay. Therefore, because this lawsuit is in its initial stages, this factor weighs in favor of a stay.⁵

*2.    Simplification of the Issues*

The second factor the Court considers is whether a stay of this litigation pending Garmin's IPRs will result in the simplification or elimination of the issues for the Court to consider in this case. The '576 Patent contains 185 claims. Three of these claims are independent (claims 1, 13,

---

³ *Id*. (quoting *Norred v. Medtronic, Inc*., 2014 WL 554685, at *1 (D. Kan. 2014)).

⁴ *Id.* at *2.

⁵ *See Norred*, 2014 WL 554685, at *2 (finding that case was in its infancy where little discovery had taken place even when the dispute arose two years before filing); *Digital Ally*, 2017 WL 1048351, at *2 (granting a stay even when the parties conducted significant discovery, exchanged contentions, and claim construction).

and 20) and the remaining 182 claims are dependent on claims 1, 13, or 20. At this point, LoganTree has not specifically identified which of the 185 claims in the '576 Patent it intends to assert against Garmin.

Garmin's IPRs challenge 50 the '576 Patent's claims, including the three independent claims.[6] Garmin contends that the IPRs will cover all of the claimed subject matter that could possibly be asserted against it in this litigation, and thus will simplify or eliminate all of the issues for trial. In response, LoganTree argues that simply because the PTAB is going to review all of the challenged claims does not necessarily mean that Garmin will be successful. LoganTree points out that PTAB found that Garmin failed to show a reasonable likelihood of prevailing on 11 of the 50 challenged claims.[7] LoganTree further argues that even if Garmin is successful on all of its challenged claims, the subject matter of the 50 challenged claims does not overlap with the remaining unchallenged claims of the '576 Patent.

After considering the parties' arguments, the Court concludes that the PTAB's decisions will help simplify or eliminate the issues in this case. Although LoganTree contends that the unchallenged claims do not contain overlapping subject matter with the challenged claims, LoganTree has not identified a single claim that it could assert against Garmin in this litigation that is not nearly identical to one challenged in the IPRs. Furthermore, the fact the PTO is only reviewing some but not all of the '576 Patent's claims does not mean that the PTAB's decision is

---

[6] Garmin did not separately challenge claim 13 under the same primary reference as claim 1 in its petitions for IPR. Garmin argues, however, that because claims 1 and 13 have overlapping subject matter, the PTAB's decision on the patentability of claim 1 will carry over to claim 13.

[7] The PTAB's standard for instituting an IPR is "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). Thus, a petitioner need only establish a reasonable likelihood of proceeding on one claim for the PTAB to institute a review on all the challenged claims. *See SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1353 (2018) (stating that when the PTAB initiates an IPR it must review all of the challenged claims).

irrelevant or unhelpful to this litigation. Other courts have found that the benefits of a stay remain even when only some of the litigated claims are being reviewed.[8] As Garmin asserts, a stay pending resolution of the IPRs has significant potential to eliminate asserted claims and invalidity defenses in this case and will simplify the issues in this litigation. This factor weighs in favor of a stay.

### 3. Prejudice or Clear Tactical Disadvantage

The third factor that the Court must consider in determining whether to grant a stay is undue prejudice or clear tactical disadvantage to the nonmoving party. In evaluating this factor, "courts have taken a practical approach to determining whether the non-movant will suffer undue prejudice from a stay. A court may deny a request for a stay where the movant has unjustifiably delayed seeking reexamination, or where the stay will do nothing but delay the proceedings."[9] Mere delay in the litigation does not establish undue prejudice.[10]

Garmin argues that a stay pending Garmin's IPRs would not unduly prejudice LoganTree. Garmin argues that LoganTree is not a competitor of Garmin and has no products on the market embodying the claims of the '576 Patent. Thus, according to Garmin, any purported harm to LoganTree may be fully compensated with money damages. Garmin also asserts that there is little tactical disadvantage to LoganTree, where this litigation is in its early stages. IPRs must be

---

[8] *See Trading Technologies, Int'l, Inc. v. BCG Partners, Inc.*, 186 F. Supp. 3d 870, 875 (N.D. Ill. 2016) (compiling cases); *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 769 (E.D. Pa. 2014) ("courts have found significant potential for issue simplification even in cases where some but not all of the asserted claims are subject to PTO review").

[9] *Digital Ally*, 2017 WL 1048351, at *3 (quoting *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, 2013 WL 4483355, at *2 (D. Minn. 2013)).

[10] *Id.* (citing *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1033 (C.D. Cal. 2013)).

disposed of within one year of being instituted, and thus Garmin argues that this should alleviate any concerns LoganTree would have over delay.

LoganTree argues that it will be unduly prejudiced by a stay of this case. LoganTree questions whether Garmin filed its IPRs in a timely manner, pointing out that the parties have been litigating the issue for two years—first in the Western District of Texas and then in the District of Kansas. LoganTree primarily argues, however, that a stay would be prejudicial because there is a strong likelihood it will lose evidence during this time. According to LoganTree, the inventor of the '576 Patent, Theodore Brann, has extensive health and medical issues, and a stay of any length in this case would prevent Brann from being available to testify at trial.

The Court concludes that LoganTree will not be unduly prejudiced by a stay. Garmin does not appear to have delayed in filing its IPRs, and in any event, the PTAB must issue its decisions this year—by August 30, 2019.[11] LoganTree does not dispute that it is not a competitor of Garmin, and thus, LoganTree may be fully compensated by money damages.[12] And, with regard to Brann's testimony, Garmin indicated in its Reply brief that it previously agreed to preserve Brann's testimony but LoganTree never proceeded with a preservation deposition. Garmin further indicates that it is not opposed to taking Brann's deposition during the stay. Accordingly, this factor weighs in favor of a stay.

    *4.    Conclusion*

Because the three factors weigh in favor of a stay, the Court grants Garmin's Motion to Stay Pending *Inter Partes* Review. The case is stayed until the PTAB issues its decision in

---

[11] 35 U.S.C. § 316(a)(11).

[12] *PersonalWeb Tech., LLC v. Facebook, Inc*., 2014 WL 116340, at *5 (N.D. Cal. 2014).

Garmin's IPRs.  To the extent LoganTree seeks to preserve Brann's testimony during the stay, Garmin must agree to his deposition. In addition, the parties must file a joint report advising the Court of the PTAB's decision as well as the parties' respective positions for further proceeding with this case within 14 days of the PTAB's decision on Garmin's IPRs.

**B.      Garmin's Motion for Intra-District Transfer for Trial**

Garmin asks the Court to transfer the trial forum from Wichita to Kansas City.  Garmin contends that not a single document or witness relevant to this case is in Wichita, and in fact, the situs for its witnesses and documents is in Olathe, which is 20 miles from the Kansas City courthouse.  The Court, however, declines to address Garmin's arguments at this time.  As previously noted, Garmin contends that its petitions for IPR cover all of the claimed subject matter that could be asserted against it in this litigation.  Thus, if Garmin is successful, it could eliminate any infringement issues present in this case.  Accordingly, the Court denies Garmin's motion for intra-district transfer for trial without prejudice.  Should this litigation continue to proceed after the PTAB issues its decisions on Garmin's IPRs, Garmin may refile its motion at that time.

**IT IS THEREFORE ORDERED** that Garmin's Motion to Stay Litigation Pending *Inter Partes* Review (Doc. 32) is **GRANTED**.  The case is stayed pending resolution of Garmin's IPRs.  To the extent LoganTree seeks to preserve Brann's testimony during the stay, Garmin must agree to his deposition.

**IT IS FURTHER ORDERED** that the parties must file a joint report advising the Court of the PTAB's decision as well as the parties' respective positions for further proceeding with this case within 14 days of the PTAB's decision on Garmin's IPRs.

**IT IS FURTHER ORDERED** that Garmin's Motion for Intra-District Transfer for Trial (Doc. 26) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated this 13th day of February, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE