## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LOGANTREE LP

     *Plaintiff*,

v.

GARMIN INTERNATIONAL, INC.,
GARMIN USA, INC., and GARMIN, LTD.

     *Defendants*.

CIVIL ACTION NO. 6:17-CV-01217

---

## LOGANTREE'S UNOPPOSED MOTION TO LIFT STAY OF LITIGATION PENDING *INTER PARTES* REVIEW

---

Plaintiff LoganTree LP ("LoganTree") respectfully asks this Court to lift the Stay of Litigation Pending *Inter Partes* Review of this case for the following reasons.

## I.    SUMMARY OF THE CASE

1.    LoganTree filed several patent infringement claims against Defendants Garmin International, Inc., and Garmin USA, Inc. (collectively "Garmin"). After over a year of litigation, the Court granted Garmin's motion to stay the pending litigation until the Patent Trial and Appeal Board ("PTAB") made its decisions on the *Inter Partes* Reviews ("IPRs") brought by Garmin challenging certain claims of U.S. Patent No. 6,059,576 ("Asserted Patent"). The PTAB has now issued its decisions on the IPRs fulfilling the complete purpose of the stay. The parties must still conduct discovery so that the underlying case may continue, and any further delay would needlessly impede the progress of the underlying case. Moreover, the PTAB decisions provide expert guidance to this Court and upholds the validity of the patent claims making further simplification of the issues unlikely. Further delay would also unduly prejudice LoganTree and

provide Garmin with a tactical advantage by stalling the adjudication of LoganTree's claims. Therefore, because the purpose of the stay is fulfilled and further delay would be needless, the Court should grant this Motion to Lift Stay.

## II.        FACTUAL AND PROCEDURAL BACKGROUND

2.        LoganTree originally filed its complaint in this action in the Western District of Texas on February 10, 2017. In February 2018, Garmin filed two petitions for IPR with the PTAB covering several claims under the U.S. Patent No. 6,059, 576 (the "'576 Patent") that is the subject of this suit. On August 30, 2018, the PTAB instituted the IPRs on all grounds. Garmin then sought to stay this litigation pending the outcome of the IPRs which this Court granted in February 2019. On August 28, 2019, the PTAB issued its two decisions which upheld the validity of all challenged claims. **See Exhibit A and Exhibit B** (PTAB's Final Written Decisions in IPR2018-00564 and IPR2018-00565). Because the PTAB has rendered its decisions, LoganTree files this request to lift the stay.

## III.        LEGAL STANDARD

3.        When the Court is determining whether to lift a stay of judicial proceedings, the Court will consider the same three factors that it considered when granting the stay. *Personal Audio, LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626–27 (E.D. Tex. 2017).  First, the Court will consider the stage of the proceedings including whether discovery is complete and a trial date has been set. *Id.* Second, the Court will consider whether a stay will simplify the issues in question and trial of the case. *Id.* Third, the Court will consider whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Id; see also Digital Ally, Inc. v. Taser Int'l, Inc.*, No. 16-cv-2032-CM-TJJ, 2017 WL 1048351, at *2 (D. Kan. March 20, 2017). The Court may lift a stay if the circumstances that persuaded the Court to impose the stay have changed

significantly. *Personal Audio*, 230 F. Supp. 3d at 626. Moreover, the purpose of the stay is fulfilled when the PTAB has given its final written decisions because it has analyzed the evidence and articulated its decisions. *Id.*

## IV.   ANALYSIS

4.     The Court issued the current stay upon finding that the three factors weighed in favor of issuing the stay. The Court's order stated that the stay would be until the PTAB issues its decision on the IPRs. Because the PTAB issued its decision on the IPRs, the purpose of the stay has been met. Moreover, the circumstances that persuaded the Court to find that the three factors weighed in favor of the stay have changed significantly and now weigh in favor of lifting the stay. Therefore, the Court should grant this Motion to Lift Stay.

### A.  The Purpose of the Stay Has Been Met

5.     The purpose of the stay in this case was to allow the PTAB to render its decision on the IPRs before this case proceeded any further. Because the PTAB rendered its decision and the underlying case has not proceeded any further, the purpose of the stay has been fully met. Because the Court stated that the stay would continue "until the PTAB issues its decision," the Court should grant this Motion lifting the stay. *See* Mem. & Order, at 6 (Feb. 13, 2019).

### B.  The Factors Weigh in Favor of Lifting the Stay

6.     First, the proceedings have been ongoing for over two years and should not be delayed any further. Although the parties have not conducted much discovery, the case has been ongoing and has already been delayed by the filing and hearing of the IPRs. With the PTAB's decision, the continuation of the stay will not accomplish anything other than delay the case longer than it needs to be. *See Chrimar Sys., Inc. v. Adtran, Inc.*, No. 6:15-cv-618-JRG-JDL, 2016 WL 4080802, at *2 (E.D. Tex. Aug. 1, 2016) (finding that plaintiffs are unduly prejudiced when they

cannot enforce their interest of a timely and cost effective enforcement of their patent rights). At some point, Garmin and LoganTree will have to complete discovery making it a waste of judicial resources to continue the stay further. *See Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, No. 14-CV-1288-JPS, 2016 WL 7495808, at *2 (E.D. Wis. Dec. 30, 2016). Therefore, this factor weighs in favor of lifting the stay because further delay would hinder LoganTree's interest in a cost effective and timely enforcement of its patent rights. *Chrimar Sys.*, 2016 WL 4080802, at *2.

7.      Second, the stay will not add any further simplification or insight into the underlying patent claims. When the PTAB issues its written findings, they determined the validity of the underlying patent claims. *See Milwaukee Elec.*, 2016 WL 7495808, at *2; **Ex. A and B.** Unlike earlier stages of the proceeding where the PTAB could have invalidated the patent claims, the PTAB's decision validated the claims, and further simplification is unlikely and weighs against maintaining the stay. *Id.*; *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, No. 14-1430-LPS-CJB, 2018 WL 1061370, at *2 (D. Del. Feb. 26, 2018); *Personal Audio*, 230 F. Supp. 3d at 626–27; *Smart Modular Techs., Inc. v. Netlist, Inc.*, No. 2:12-cv-02319-TLN-EFB, 2016 WL 5159524, *3 (E.D. Cal. Sep. 21, 2016). The Court now has the expert guidance of the PTAB and can use that guidance in governing this case. *See Milwaukee Elec.*, 2016 WL 7495808, at *2; *Smart Modular*, 2016 WL 5159524, at *3. Therefore, the second factor weighs heavily in favor of lifting the stay.

8.      Third, the stay would unduly prejudice LoganTree in waiting further to get its valid patent claims resolved. Even though LoganTree and Garmin are not competitors, furthering the stay would unduly prejudice LoganTree by needlessly dragging the case along even after the PTAB's decisions favored LoganTree. *See Elm 3DS*, 2018 WL 1061370, at *2 (holding that continuing the stay would further prejudice the plaintiff even though the parties were not

competitors). Keeping this litigation at this early stage would also give a tactical advantage to Garmin by causing further delays to the adjudication of the claims. *See Zoll Med. Corp. v. Respironics, Inc.*, C.A. No. 12-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 8, 2015). Because the PTAB established the validity of the patent claims, continuing the stay would only cause undue prejudice to LoganTree and give a tactical advantage to Garmin. Therefore, this factor also weighs in favor of lifting the stay.

## V.      REQUEST FOR RELIEF

9.      Because the PTAB found all patent claims to be valid, further delay in this case is unwarranted. For all of the foregoing reasons, LoganTree requests that the Court grant this Motion to Lift Stay and enter an order granting such other and further relief, at law or in equity, to which it may show itself entitled.

10.      Plaintiff has conferred with Defendants regarding the filing of this motion, and Defendants confirmed they have no objection.

Respectfully submitted by:

/s/*Clayton J. Kaiser*
Clayton J. Kaiser, #24066

Foulston Siefkin LLP
1551 N. Waterfront Pkwy, Suite 100
Wichita, Kansas 67206
(316) 291-9539
(866) 280-2532 FAX
Email: ckaiser@foulston.com

*and*

/s/*James E. Sherry*
Arnold Shokouhi, TX (*pro hac vice*)
James E. Sherry, TX (*pro hac vice*)

McCathern, PLLC
3710 Rawlins Street, Suite 1600
Dallas, TX 75219
(214) 443-4478
(214) 741-4717 FAX
Email: arnolds@mccathernlaw.com
Email:  jsherry@mccathernlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2019, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record for all parties in the case.

/s/*Clayton J. Kaiser*
Clayton J. Kaiser, #24066
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466