IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LOGANTREE LP,

    *Plaintiff,*

vs.

GARMIN INTERNATIONAL, INC. and
GARMIN USA, INC.,

    *Defendants.*

Case No. 17-1217-EFM-ADM

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Garmin International, Inc., and Garmin USA, Inc.'s (collectively "Garmin's") Motion for Intra-District Transfer for Trial (Doc. 71). In its Complaint, Plaintiff LoganTree LP ("LoganTree") designated Wichita, Kansas, as the place of trial. Garmin asks the Court to transfer the place of trial to Kanas City, Kansas. For the reasons discussed below, the Court grants Garmin's motion.

**I.    Factual and Procedural Background**

LoganTree filed this patent infringement suit in August 2017 alleging that Garmin's accelerometer-based activity trackers infringe its U.S. Patent No. 6,059,576 (the '576 Patent). LoganTree designated Wichita as the place of trial. In February 2018, Garmin filed two petitions for inter partes review ("IPR") with the Patent Trial and Appeal Board covering multiple claims

of the '576 Patent.  In August 2018, the PTAB instituted the IPRs on all grounds.  Garmin then filed a Motion to Stay Litigation pending the outcome of the IPRs.

Shortly before Garmin moved for a stay, it filed its first Motion for Intra-District Transfer of Trial.  The Court addressed this motion, along with the Motion to Stay, in one Order issued in February 2019.  The Court granted the stay pending the outcome of the IPRs.  It also denied Garmin's motion to transfer the place of trial without prejudice reasoning that the PTAB's decisions could simplify the case such that LoganTree would no longer have a claim for infringement.

On August 28, 2019, the PTAB issued two decisions on the IPRs upholding the validity of the challenged claims.  Upon the joint motion of the parties, the Court lifted the stay on the case.  Garmin now moves again to transfer the trial forum from Wichita to Kansas City.

## II. Legal Standard

Under D. Kan. Rule 40.2, "[t]he court is not bound by the requests for place of trial.  It may determine the place of trial upon motion or in its discretion."[1]  When analyzing such motion, "the courts of this district generally look to the same factors relevant to motions for change of venue under 28 U.S.C. § 1404(a)."[2]  These factors include:  "(1) [the] plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) all other practical considerations that make a trial easy,

---

[1] D. Kan. Rule 40.2(e).

[2] *McDermed v. Marian Clinic, Inc.*, 2014 WL 6819407, at *1 (D. Kan. 2014) (quoting *Twigg v. Hawker Beechcraft Corp.*, 2009 WL 1044942, at *1 (D. Kan. 2009)).

expeditious, and economical."[3] The district court has "broad discretion in deciding a motion to transfer base on a case-by-case review of convenience and fairness."[4]

### III. Analysis

The Court will apply the § 1404 factors below to determine whether the trial of this case should be transferred from Wichita to Kansas City.

**A.  Plaintiff's Choice of Forum**

"Generally, the plaintiff's choice of forum is not disturbed unless the balance weighs strongly in favor of transfer."[5] But, "a plaintiff's choice of forum receives less deference when the plaintiff does not reside there."[6] "Additionally, courts have given little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's choice of forum.' "[7] Here, LoganTree is a partnership organized under the laws of Nevada, and its managing members, Theodore and Anne Brann, reside in Boerne, Texas. Furthermore, the facts giving rise to this lawsuit have no connection to Wichita. Garmin resides in Olathe, Kansas, which is within the Kansas City metropolitan area. LoganTree has not asserted that any significant events related to the alleged infringement occurred in Wichita. Accordingly, Plaintiff's choice of forum is given reduced weight.

---

[3] *Id.* at *1 (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

[4] *Id.*

[5] *Id.* at *2 (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).

[6] *Id.* (citing *Vanmeveren v. Int'l Bus. Machs. Corp.*, 2005 WL 3543179, at *2 (D. Kan. 2005)).

[7] *Id.* (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan.1993)).

**B.     The Convenience and Accessibility of Witnesses and Other Sources of Proof**

When the plaintiff's choice of forum is given reduced weight, "the 'relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer.' "[8] The plaintiff's proposed forum must be "substantially inconvenient" to warrant a change in the place of trial.[9] A forum is "substantially inconvenient" when a majority of the witnesses must travel from a different forum, creating a substantial burden for those witnesses.[10]

Garmin argues that Wichita is a substantially inconvenient forum for Garmin's witnesses. Garmin has put forward evidence that the accused products fall within the Fitness and Outdoor business segments of Garmin, which is located in Olathe, and the employees who will testify about the accused products work in Olathe. According to Garmin, if trial were held in Wichita, its witnesses would be forced to travel two and half hours to Wichita, each way, and incur hotel costs, while witnesses could travel from Olathe to Kansas City in thirty minutes. Rather than missing a full day of work to attend trial in Wichita, Garmin's witnesses would only have to miss a portion of the work day to attend trial in Kansas City.

Garmin also contends that Wichita is a substantially inconvenient forum for LoganTree's witnesses. Garmin has submitted a detailed list of possible witnesses from a prior action regarding the '576 Patent, and this list shows that none of LoganTree's witnesses are located in Wichita.[11] Instead, they all reside near San Antonio, Texas. Garmin has produced evidence showing that

---

[8] *Bright v. BHCMC, LLC*, 2018 WL 398450, at *3 (D. Kan. 2018) (quoting *McIntosh v. City of Wichita*, 2015 WL 1646402, at *2 (D. Kan. 2015)).

[9] *Id.*

[10] *Id.*

[11] LoganTree does not dispute that this list of witnesses is applicable to this case.

flights from San Antonio to Kansas City are cheaper and shorter than flights to Wichita. Furthermore, Theodore Brann, who is the '576 Patent's sole inventor and co-owner of LoganTree, will likely be unable to travel to Kansas City or Wichita for trial. Thus, the place of trial, whether it is Wichita or Kansas City, is irrelevant to him.

In response, LoganTree relies on case law from Connecticut and the Second Circuit arguing that the increased distance to Wichita is irrelevant with "modern transportation and technology" where the forum "can be reached in a few hours of air travel."[12] This Court is not bound by the law of the District of Connecticut or the Second Circuit. Furthermore, as Garmin asserts in its reply brief, even if the Court did apply this law, transfer would never be warranted because every available forum is only a few hours away from Kansas.

Overall, the Court finds that this factor weighs in favor of changing the trial location. LoganTree's principal, Brann, will not be appearing at trial, and therefore, the location of trial is irrelevant to him. As for LoganTree's witnesses, they will be inconvenienced by travel to either Kansas City or Wichita. Normally, this Court would not consider flying into Wichita to be any more inconvenient than flying into Kansas City. But, Garmin has introduced evidence showing that there is a significant price and time difference between flying from San Antonio to Wichita than flying from San Antonio to Kansas City. Thus, the Court considers this evidence to be persuasive when analyzing this factor. Moreover, all of Garmin's witnesses are located in Kansas City. Therefore, the Court concludes that Kansas City is a more convenient location for trial than Wichita.

---

[12] *Freedom v. Am. Online, Inc*., 294 F. Supp. 2d 238, 243 (D. Conn. 2003); *Effron v. Sunline Cruises, Inc*., 67 F.3d 7, 10 (2d Cir. 1995).

## C. Fair Trial

LoganTree's primary argument in response to Garmin's motion is that it would be unfair to hold trial in Kansas City, where LoganTree would be "forced to try [its] case before a jury sympathetic to hometown tech hero Garmin." LoganTree relies on *Morgan v. Christman*, a 1988 case where the District of Kansas denied a defendant's motion to transfer to Wichita from Kansas City, based in part on bias concerns.[13] LoganTree's argument, however, has been rejected in more recent cases decided by this Court.

In *Aramburu v. The Boeing Company*,[14] the plaintiff designated Topeka as the place for trial instead of Wichita, despite the fact that all of the witnesses were located in Wichita, including the defendant—who was a large employer of individuals in Wichita.[15] The plaintiff argued that it would be difficult to empanel a fair and impartial jury in the hometown of Wichita's largest employer.[16] The Court, however, disagreed explaining that it was "confident that the plaintiff's concerns that Wichita residents will be reluctant to hold against [the defendant] will be adequately addressed during voir dire of the prospective jurors."[17]

Similarly, in *Callahan v. Bledsoe*,[18] the plaintiff, a Colorado resident, argued that Wichita would be an unfair place for trial because one of the defendants was a Wichita hospital that

---

[13] 1988 WL 243382, at *1 (D. Kan. 1988).

[14] 896 F. Supp. 1063 (D. Kan. 1995).

[15] *Id*. at 1064.

[16] *Id*. at 1064-65.

[17] *Id*. at 1065.

[18] 2017 WL 1303269 (D. Kan. 2017).

employed a number of individuals.[19] The plaintiff argued that Wichita residents would be unlikely to award a large judgement against a Wichita employer.[20] The Court, however, found this argument to be speculative because "fair trials may be conducted with businesses who have headquarters and employ residents in the place of trial."[21] The Court further found that voir dire would eliminate the plaintiff's concerns about bias.[22]

The Court is not persuaded that it would be unfair to LoganTree to hold the trial in Kansas City simply because Garmin is a large employer in the Kansas City metropolitan area. This Court has rejected this argument in two cases decided since *Morgan v. Christman*. Any issues of bias in favor of Garmin may be resolved in voir dire. Thus, this factor weighs in favor of transferring the trial to Kansas City.

**D.     Other Considerations**

The Court may consider "costs in the form of mileage, meals, and hotel expenses" incurred by holding the trial in Wichita as opposed to Kansas City.[23] As noted above, LoganTree's witnesses are located in Texas will be required to incur travel expenses regardless of whether the trial is in Wichita or Kansas City. Garmin's witnesses, however, are located at or near Olathe, and thus will incur travel, meal, and potentially hotel costs in coming to Wichita. Thus, this factor weighs slightly in favor of transferring the trial to Kansas City.

---

[19] *Id*. at *5.

[20] *Id*.

[21] *Id*.

[22] *Id*.

[23] *Hughes v. Blue Cross & Blue Shield of Kan., Inc*., 2012 WL 3644845, at *4 (D. Kan. 2012).

## V. Conclusion

Based on a review of the § 1404 factors, the Court concludes that the trial of this case should be transferred to Kansas City. Plaintiff has no connection to Wichita, and none of the infringement allegations have any relation to Wichita. It would be substantially inconvenient for most of the witnesses to travel to Wichita for trial. Furthermore, despite LoganTree's protests to the contrary, transfer of the trial to Kansas City will not result in an unfair trial. Accordingly, the Court grants Garmin's motion.

**IT IS THEREFORE ORDERED** that Garmin's Motion for Intra-District Transfer for Trial (Doc. 71) is **GRANTED**. The trial of this matter shall be held in Kansas City, Kansas.

**IT IS SO ORDERED**.

Dated this 7th day of April, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE