# EXHIBIT H

Trials@uspto.gov
571-282-7822

UNITED STATES PATENT AND TRADEMARK OFFICE

———————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————

**GARMIN INTERNATIONAL, INC. AND GARMIN USA, INC.,**

Petitioner

v.

**LOGANTREE, LP,**

Patent Owner

———————

**Case IPR2018-00564**

**Patent 6,059,576**

———————

**PATENT OWNER'S RESPONSE UNDER 37 C.F.R. § 42.120**

in any direction, as claimed. Garmin cites to *Stewart* for teaching this claimed feature. Pet. 15-17.

LoganTree submits that a POSITA would understand that *Stewart* does not teach or suggest measuring data associated with physical movement because the sensor in *Stewart* does not measure *unrestrained* movement of the body part. EX2001, ¶¶ 45 and 59. In particular, *Stewart* merely provides for a helmet that includes three sets of three orthogonally-placed accelerometers that can be used to measure uniquely the translational, angular and normal components of acceleration of the head. EX1004, 4:46-54. Any such movement measured here is believed to be restrained. Garmin is not believed to have provided evidence in its petition or in Dr. Singer's declaration of *Stewart* measuring unrestrained movement. Per Dr. Madisetti, a POSITA would understand that such disclosure of *Stewart* does not provide for measuring data associated with *unrestrained* movement in any direction. EX2001, ¶ 45 and 59.

Based on at least the foregoing, LoganTree submits that *Stewart* does not teach or suggest measuring data associated with unrestrained movement in any direction, as provided for in the Challenged Claims.

> **B.     Ground 1, Claim 20: The Cited Prior Art Does Not Teach the Claimed "interpreting, using a microprocessor included in the portable, self-contained movement measuring device, said physical movement data based on user-defined operational parameters and a real-time clock"**

16