# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LOGANTREE LP<br><br>*Plaintiff*,<br><br>v.<br><br>GARMIN INTERNATIONAL, INC.,<br>GARMIN USA, INC., and GARMIN, LTD.<br><br>*Defendants*. | CIVIL ACTION NO. 6:17-CV-01217 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE OUT OF TIME ITS MOTION TO COMPEL**

Plaintiff, by and through undersigned counsel, hereby moves the Court for leave to file out of time the attached motion to compel. In support of its motion, Plaintiff states the following:

1. During discovery, a dispute between the parties arose over Plaintiff's request for print copies of the Accused Products' source code. Specifically, LoganTree requested printouts of code for approximately 75 files, which constituted less than .035% of the code that Plaintiffs' expert had been tasked to review electronically.

2. Based on the Court's earlier invitation, the parties apprised the Court of its dispute and their respective arguments through email, as opposed to submitting briefs. *See* June 3, 2021 email, *attached hereto as* Exhibit A. In the email to the Court, Defendants represented that they were already "prepared to file" a motion for protective order. *Id.*

3. On June 8, 2021, the Court held a discovery conference on the parties' dispute, during which the parties presented their respective arguments. Although the Court did not formally rule on the dispute, it did, among other things, get Defendant to agree to send a subset of the requested source code and established a schedule for resolving the issue—both of which the Court memorialized in an Order, dated June 8, 2021.

4. Following the hearing, Plaintiff's counsel calendared the date that he was to file his motion to compel, June 23, 2021, but inadvertently left off that he was to notify Defendant's counsel on June 18, 2021, if he found the produced code insufficient.

5. On June 16, 2021, Plaintiff's expert received a copy of the subset of the requested source code from Defendants. Plaintiff's expert indicated to counsel that the produced code was insufficient and that, for the most part, the originally requested printouts was what was necessary. Plaintiff's counsel worked with his expert to see if he could identify a smaller set of code than had been originally requested. Plaintiff's counsel was, for the most part, unsuccessful, though, and started preparing a motion to compel to request what he had already asked Defendants for.

6. On the morning of June 23, 2021, the day he was to file his motion to compel, Plaintiff's counsel reviewed the Court's June 8 Order to check for any special requirements for the brief. To counsel's dismay, he realized that he was to have notified Defendant's counsel of what code he needed to have produced the previous Friday, regardless of whether the printout of code that Plaintiff still believed he needed was the same printout that he had previously requested.

7. Immediately thereafter, at approximately noon, Plaintiff's counsel contacted Defendants' counsel to determine if he was amenable to a short extension so that the parties could complete the meet-and-confer process that the June 8 Order contemplated prior to Plaintiff filing its motion. Defendants' counsel indicated that he would need to consult with co-counsel. After not hearing from Defendants' counsel, Plaintiff's counsel drafted an email to the Court asking for additional time to complete the steps set forth in its June 8 Order. Plaintiff's counsel circulated his draft email to Defendants' counsel, who now indicated that Defendants objected to the request. Defendants' counsel added words to that effect to Plaintiff's draft email. Plaintiff's counsel circulated the finalized email to the Court on the evening of June 23, 2021.

8. In the afternoon on June 24, 2021, the parties received notice that the Court had denied Plaintiff's request for additional time set forth in its email. However, the Court invited Plaintiff to file a motion for leave, along with a copy of its proposed motion to compel, which Plaintiff has done. Plaintiff's proposed motion is attached hereto as Exhibit B.

9. When deciding whether to grant leave after the time to file a motion has elapsed, "Courts consider four factors to determine excusable neglect: (1) the reason for the delay, including whether it was within the reasonable control of the movant; (2) whether the movant acted in good faith; (3) danger of prejudice to the nonmoving party; and (4) the length of the delay and its potential impact on judicial proceedings." *Auto-Owners Mut. Ins. Co. v. Bricks & Stones, LLC*, No. 20-2365, 2021 WL 1166053, at *2 (D. Kan. Mar. 26, 2021). As recently noted by the Court, "excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.*

10. Counsel acknowledges that he failed to abide by the Court's June 8 Order and apologizes to the Court and opposing counsel for that. Counsel respectfully requests, though, that the Court grant his leave to file Plaintiff's motion to compel on the ground that excusable neglect exists. Here, Counsel's failure was not intentional or intended to delay the proceeding; rather, it was based on his failure to account for the pre-filing meet-and-confer set forth in the June 8 Order. Furthermore, the prejudice to Defendants is minimal, as they have long known Plaintiff's position and have previously represented that they were already "prepared to file" for a protective order. Finally, the filing of this motion is now just a day late and the parties can still meet the remaining briefing schedule set forth in the July 8 Order.

WHEREFORE, Plaintiff respectfully requests that it be permitted to file out of time the attached motion to compel and for the Court to grant whatever other relief is just and equitable.

Respectfully submitted by:

FOULSTON SIEFKIN LLP

/s/*Clayton J. Kaiser*
Clayton J. Kaiser, Kansas Bar #24066
Foulston Siefkin LLP
1551 N. Waterfront Pkwy, Suite 100
Wichita, Kansas 67206
(316) 291-9539
(866) 280-2532 FAX
Email: ckaiser@foulston.comm

*and*

MCCATHERN, PLLC

/s/ *Christopher M. Barkley*
Arnold Shokouhi, TX (*pro hac vice*)
Christopher Barkley (*pro hac vice*)
James E. Sherry, TX (*pro hac vice*)
McCathern, PLLC
3710 Rawlins Street, Suite 1600
Dallas, TX 75219
(214) 443-4478
(214) 741-4717 FAX
Email: arnolds@mccathernlaw.com
Email: cbarkley@mccathernlaw.com
Email:  jsherry@mccathernlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record for all parties in the case.

/s/*Clayton J. Kaiser*
Clayton J. Kaiser, #24066