IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LOGANTREE LP,

    Plaintiff,

    v.

GARMIN INTERNATIONAL, INC.,

    Defendant.

Case No. 17-1217-EFM-ADM

**ORDER**

This is a patent infringement case in which a discovery dispute has arisen regarding plaintiff LoganTree LP's ("LoganTree") request for printed pages of defendant Garmin International, Inc. and Garmin USA, Inc.'s ("Garmin") source code. On June 8, 2021, the court convened a discovery conference to discuss this dispute. (ECF 117, 121.) Garmin reported that it had made the source code available for inspection in November of 2019 and LoganTree's expert reviewed it on May 6 and 10-14, 2021. Following that review, LoganTree requested that Garmin produce over 2,600 printed pages of source code. Garmin explained that it was willing to produce some portions of the source code but objected to the full scope of LoganTree's request on the grounds that it exceeds the limits set forth in the protective order. (ECF 51 ¶ 7(c)(8), at 8.) Garmin offered to produce printed pages of the source code relating to the step-counting functionality to potentially resolve or at least narrow the parties' dispute.[1] The court

---

[1] LoganTree's mischaracterization of Garmin's offer as the court "get[ting] Defendant to agree to send a subset of the requested source code" (ECF 120) is not well taken. Garmin offered to produce the narrowed set of source code in an effort to compromise and avoid motion practice. (ECF 116 (stating the production was pursuant to "the parties' agreement reached during the discovery conference").)

ordered LoganTree, after reviewing these printed pages, to notify Garmin by June 18 as to what additional pages, if any, LoganTree still wanted Garmin to produce so that the parties would know the scope of their remaining areas of disagreement for motion practice.  (ECF 116.)  In consultation with the parties and in order to expedite briefing, the court set deadlines for the parties to file cross-motions by June 23 that would be fully briefed by July 2, with LoganTree filing a motion to compel and Garmin filing a motion for protective order.  (*Id.* at 1-2.)

The June 18 deadline came and went.  Unbeknownst to the court at the time, LoganTree did not notify Garmin that it still wanted additional printed pages.  Instead, LoganTree emailed the court on June 23 (the day the parties' cross-motions were due) to request additional time to file a motion to compel because, according to LoganTree, it was unable to meet the June 18 deadline to notify Garmin as to what additional pages of source code it still wanted[2] or the June 23 deadline to file a motion to compel.  (ECF 119-1.)  The court denied LoganTree's motion for an extension of time because the deadlines had passed and the parties did not agree whether an extension was warranted.  (ECF 119.)  Furthermore, it was not clear that motion practice was imminent because LoganTree reported that it had been working with its expert to try to get him to identify a narrower subset of code.  (ECF 119-1.)  Accordingly, the court denied LoganTree's motion for an extension of time "without prejudice to being renewed if and when LoganTree is prepared to file a motion to compel seeking additional pages of source code."  (ECF 119.)

On June 24, LoganTree filed a renewed Motion for Leave to File Out of Time its Motion to Compel.  (ECF 120.)  In that motion, LoganTree states that it still seeks printouts of the entire

---

[2] LoganTree's counsel originally claimed that the June 18 deadline was "far from enough time for LoganTree's expert to make any evaluation."  (ECF 119-1.)  But then he later admitted that he first reviewed the court's June 8 order on June 23 and realized that he missed the June 18 deadline.  (ECF 20, at 2.)

source code files that it originally requested.  (ECF 120-2.)  This fulfills the original purpose of the June 18 deadline, which was to give Garmin fair notice of what pages LoganTree still wanted produced so that the parties could prepare for motion practice.  But LoganTree's noncompliance with the court-ordered deadlines set forth above has not furthered the goals of the court's discovery conference, which was to try to narrow (or perhaps resolve) the parties' dispute and to set in place an orderly and efficient plan for the court to resolve any remaining areas of disagreement.  The court will therefore disregard the previously imposed briefing schedule and instead refer to the pertinent provision of the protective order, which places the burden on Garmin to file a motion for protective order.  (ECF 51 ¶ 7(c)(14), at 10.)  Garmin may file that motion for protective order on or before **July 7**.  The memorandum in support of the motion is limited to seven pages.  LoganTree's response brief is due by **July 12** and is limited to seven pages.  Garmin's reply brief is due by **July 14** and is limited to two pages.

Unless otherwise ordered, no further briefing is allowed on LoganTree's Motion for Leave to File its Motion to Compel Out of Time.  (ECF 120.)  The court will take up that motion in due course.

**IT IS SO ORDERED.**

Dated June 29, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
