UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LOGANTREE LP,

                Plaintiff,

v.

                                      Case No.  17-1217-EFM-ADM

GARMIN INTERNATIONAL, INC.,

                Defendant.

**GARMIN'S REPLY IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

I.   Introduction ................................................................................................................ 1

II.   The Parties' Responses to the Statements of Undisputed Facts ............................................ 3

   A.   LoganTree's Improper Responses to Garmin's Undisputed Facts ..................................... 3

   B.   Garmin's Responses to LoganTree's Counter Statement of Undisputed Facts ................. 3

III.   Argument .................................................................................................................. 3

   A.   LoganTree's Belated and Improper Attempt to Rewrite the Court's Claim Construction Lacks Merit and Should be Rejected .................................................................................. 3

   B.   There is no Genuine Dispute of Material Fact that Garmin's Accused Products do not Infringe the Time Stamp Limitation ................................................................................... 7

      1.   There is no Genuine Dispute Regarding the Operation of the Accused Products—They do not Store a Time Stamp to the .FIT file when the User Hits Their Daily Step Goal ......... 8

      2.   LoganTree's Alleged Evidence it Contends Shows that Garmin's Accused Products Store a Time Stamp when the User Hits Their Daily Step Goal is Insufficient to Create a Genuine Material Dispute .................................................................................................. 11

   C.   LoganTree's Circumstantial Evidence that Garmin Directly Infringed Method Claim 20 is Conclusory, Unsupported, and Insufficient to Survive Summary Judgment ............................ 13

   D.   LoganTree Still has not Defined the Scope of the Claims with Reasonable Certainty, Rendering the Claims Indefinite ...................................................................................... 14

## TABLE OF AUTHORITIES

**CASES**

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343 (Fed. Cir. 2001) ...................... 19

*Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361 (Fed. Cir. 2004) ............................................... 9

*CommScope Techs. LLC v. Dali Wireless Inc.*, 10 F.4th 1289 (Fed. Cir. 2021) .......................... 7

*Dominion Energy, Inc. v. Alstom Grid LLC*, 725 F. App'x 980 (Fed. Cir. 2018) ................. 10, 11

*E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213 (Fed. Cir. 2007) ......................................... 14

*Implicit Networks Inc. v. F5 Networks Inc.*, 2013 WL 1007250 (N.D. Cal. Mar. 13, 2013).......... 9

*O.J. of Stillwater, Inc. v. Davidson*, 242 F.3d 389 (10th Cir. 2000)................................... 8, 10, 11

*Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339 (Fed. Cir. 2014) ................................................. 8

*White v. Dunbar*, 119 U.S. 47 (1886) ......................................................................................... 19

*Wi-LAN Inc. v. Sharp Elecs. Corp.*, 362 F. Supp. 3d 226 (D. Del. 2019) ..................................... 9

## I.      Introduction

LoganTree admits four key facts that mandate summary judgment:

- Garmin's real-time clock works on a second basis.

- Garmin does not write a timestamp to the second, only the minute.

- Garmin's software (e.g., its "source code") for the Accused Products does not instruct the devices to write a time stamp when the user defined step goal is met.

- Of the <u>hundreds</u> of tests performed by both experts in this case, not a single one shows a timestamp that matches the set step goal.

The Court construed the phrase "first time stamp information reflecting a time at which the movement data causing the first user-defined event occurred" to mean "first *time stamp* reflecting *the time* recorded or noted by *the system at which* the movement data causing the first user-defined event *occurred*." ECF 106, at 9 (emphasis added). As the Court explained, "the time stamp information is going to be measured based on the unite of measurement that the real-time clock is programmed to obtain, whether that be nanoseconds, seconds, minutes, or some other unit of measurement." *Id.* at 8.  In other words, the Court already explained that the asserted claims require a time stamp showing the precise second when the user defined event occurred (e.g., manual step goal is achieved) if the system time is in seconds. As noted by the Court, there is no "flexibility in the unit of time measurement" and given it is undisputed that the real time clock measures in seconds, there is no evidence of infringement. ECF 106, at 8. Because LoganTree does not dispute that Garmin's Accused Products do not write a system time (in seconds) but only a time stamp on the minute boundary, LoganTree's infringement claim fails under the Court's claim construction.

Additionally, summary judgment is also required because Garmin's Accused Products do not write any time stamp based on the step goal—whether it's to the minute or the second. LoganTree does not dispute that it is relying on *minute boundary time stamps long before the step goal* even occurred: 208 steps before the 750 step goal, 238 steps before the 750 step goal,

1

290 steps before the 750 step goal, 687 steps before the 750 step goal, and 704 steps before the 750 step goal. These timestamps appear **hundreds** of steps before the goal and do not reflect the time "at which" the step goal was met. Of the hundreds of tests submitted by the parties, not one shows a timestamp that matches the set step goal.

Despite reviewing all of Garmin's source code (the software that controls Garmin's Accused Products), LoganTree does not even dispute that it has *no evidence* that the Accused Products record a time stamp when the user-defined step goal is achieved. ECF 194, at 6, SOF ¶ 10. The lack of source code evidence from LoganTree is telling because it previously informed this Court that the "source code is invaluable" to its infringement case. Now, despite multiple efforts to locate anything in the code to prove infringement, LoganTree found nothing because Garmin's Accused Products do not include the time stamp functionality required by the claims. No reasonable juror could find that time stamps hundreds of steps before the step goal are indicative of the time "at which" the step goal was met.

Finally, the Court should find the asserted claims invalid as indefinite. Garmin first contended the claims were indefinite during claim construction, almost two years ago. At that time, Garmin directly questioned how LoganTree's characterization of the "unrestrained movement in any direction" limitation in this litigation could be reconciled with its past, seemingly contradictory characterization of that limitation before the Patent Office and this Court. Since that time, LoganTree failed to explain how its myriad characterizations are consistent, prompting Garmin to move for summary judgment. Now, given one last opportunity to clearly resolve this issue for the Court, LoganTree cannot do so. Accordingly, the Court should find the asserted claims invalid.

## II.      The Parties' Responses to the Statements of Undisputed Facts

### A.      LoganTree's Improper Responses to Garmin's Undisputed Facts

LoganTree's responses to Garmin's statements of undisputed facts are improper under this Court's rules and guidance. *D. Kan. Summary Judgment Guidelines*. First, when LoganTree disputed Garmin's facts, on several occasions it responded with its legal contentions. *See, e.g.*, ECF 194, at 4–8, SOF ¶ 3 ("LoganTree <u>contends</u> that the Accused Products record a timestamp…"); ¶¶ 5, 6, 19 (stating LoganTree's contentions). Moreover, LoganTree's denials were often conclusory, string citing evidence with no explanation of how the cited evidence allegedly refutes Garmin's facts. *See e.g., id*. at 5, SOF ¶ 6. Additionally, the factual evidence LoganTree relies on to dispute Garmin's facts often does not support the claim LoganTree suggests. *See, e.g., id.* at 6, SOF ¶ 10 (cited Myers' testimony has no relation to LoganTree's denial). Lastly, LoganTree repeatedly relies on conclusory deposition testimony that has no factual basis, which the Court may disregard. *See D. Kan. Summary Judgment Guidelines*, at ¶ 14. Specifically, Garmin requests the Court disregard LoganTree's responses to Garmin's Statement of Facts ¶¶ 3, 5, 6, 8–12, 16, and 19.

### B.      Garmin's Responses to LoganTree's Counter Statement of Undisputed Facts

1.      Garmin admits that any ambiguity between restrained and unrestrained exists both on LoganTree's products as well as Garmin's Accused Products. ECF 108, at 65:25–66:8.

> Garmin's Response: Uncontroverted.

## III.      Argument

### A.      LoganTree's Belated and Improper Attempt to Rewrite the Court's Claim Construction Lacks Merit and Should be Rejected

Having failed to come forth with any evidence that the Accused Products infringe the time stamp limitation, LoganTree attempts to rewrite the Court's claim construction. LoganTree's

newly raised objection to the Court's claim construction is three-fold. First, that the Court's construction does not require the time stamp reflect the second the user hit their daily step goal despite the real time clock measuring to seconds. Second, that the claimed "time stamp" allows for multiple time stamps. Third, that the claim term "reflecting" should broadly be read as meaning to "embody or represent." ECF 194, at 12–13. Beyond being a belated and improper attempt to reconstrue the claims, LoganTree's new arguments fail to provide any factual or legal basis to deny summary judgment and confirms why Garmin's Accused Products cannot infringe under the Court's actual construction of the claims.

LoganTree's first argument is a single, conclusory sentence: "However, the Court never states that it is the exact second or that the time stamp information only reflects one moment in time." ECF No. 194, at 12. But this is exactly what the Court determined. The Court stated the claims require that "the time stamp information is going to be measured based on the unit of measurement that the real-time clock is programmed to obtain, whether that be nanoseconds, seconds, minutes, or some other unit of measurement." *Id*. Here, there is no dispute that the real time clocks in Garmin's Accused Products are programmed to measure time in seconds. ECF 194, at 4, SOF ¶ 5 (LoganTree not disputing the real-time clock in the Accused Products measures and records information on a "per second" basis). Given this, the Court's claim construction mandates that the first time stamp information must reflect the time, "measured based on the [second]," recorded or noted by the Accused Products. However, LoganTree plainly admits that its infringement theory relies on time stamps stored to the nearest minute boundary, rather than at the second the event occurs, in direct contradiction to the Court's claim construction.

Second, LoganTree suggests the Court's claim construction is broad enough to allow for multiple time stamps. LoganTree's argument here is muddled,[1] but also irrelevant. Whether the Court's construction allows for multiple time stamps has no bearing here, where none of the minute boundary time stamps relied on by LoganTree measure to the second or show the time when the goal was met. Not a single test shows the user's step count matching the step goal, as would be the case if Garmin had made the design choice to timestamp step goals as required by the asserted claims.  The Court's claim construction requires there be at least one identified "first time stamp information" that reflects, down to the second, when the user-defined event occurred. LoganTree failed to identify any time stamp with second information and relied on time stamps that often are hundreds of steps away from the goal. Moreover, LoganTree never explains how this argument aids its infringement theory in any way given these two key facts.

LoganTree's final argument is, like the others, conclusory and irrelevant. LoganTree contends the plain and ordinary meaning of the claimed "reflecting" means to "embody or represent." ECF 194, at 13. Tellingly, LoganTree provides no intrinsic or extrinsic support for this definition, nor does it ask the Court to construe this term. *Id*. This is likely because further construction would not save LoganTree's infringement theory because the claim would still require at least one identified "first time stamp information" that "embodies or represents" the time **in seconds** at which the user met their daily-step goal. Yet LoganTree cannot even identify one such time stamp in any of the 41 Accused Products. *Id*.

---

[1] LoganTree's argument is also based on a false premise. LoganTree contends this limitation should broadly be read to allow for multiple time stamps because "the Court specifically declined to use Garmin's interpretation [of the claim] which stated 'movement data **occurrence** causing the first user-defined event.'" ECF 194, at 12. This is wrong on two counts. First, it was not Garmin who advocated for that interpretation, but LoganTree. *See* ECF 106, at 7. Second, the Court did not "specifically decline" to use this interpretation of the claim. In fact, the Court did not substantively address LoganTree's interpretation at all because LoganTree withdrew it during the *Markman* hearing. *Id*.

Obviously, the heart of LoganTree's argument is that the time stamp limitation is met under the Court's claim construction because some time stamp is recorded on a minute, rather than second basis, even though the real-time clock measures down to the second, and even though that time stamp has nothing to do with the step goal. ECF 194, at 17. Not so. LoganTree agreed with Garmin "that the claims are precise in nature and require the time stamp information to be a time 'at which' the movement data causing the defined event occurred." ECF 106, at 8; *see also* **Ex. A**, *Markman Hearing Transcript*, at 56:2–4. Thus, there is no dispute that the time stamp stored must ***precisely*** state the time "at which" the event occurred. LoganTree concedes that the time stamp recorded does ***not*** precisely reflect the time "at which" the user met their daily step goal, because instead, the time stamp LoganTree alleges exists is stored at a minute boundary ***near*** in time to when the user hit their step goal. ECF 194, at 17. That admission mandates summary judgment.

LoganTree's decision to raise this "claim construction" argument for the first time in opposition to Garmin's motion for summary judgment appears to be, in actuality, an attempt by LoganTree to introduce a doctrine of equivalents theory of infringement into the case. Specifically, LoganTree is arguing that the Accused Products storing of a random time stamp at the nearest minute boundary should be considered "close enough" to storing a time stamp reflecting the actual system time at which the user-defined event occurred, as the Court's construction requires. This is supported by LoganTree's own view of its contentions. *See* ECF 187, at 8 ("The Accused Products cannot avoid the timestamp limitation simply by recording timestamps at a minute boundary, as opposed to the exact second the event occurs."). That is a doctrine of equivalents argument, not a claim construction argument. But LoganTree never pursued a doctrine of equivalents theory in this case (likely because it was legally barred from doing so given the myriad of amendments LoganTree was forced to make to save its claims from being invalidated during Reexamination).

Moreover, LoganTree has repeatedly stipulated that it is **solely** advancing a literal theory of infringement. ECF 187, at 3; ECF 194, at 4, SOF ¶ 4. And literal infringement requires that LoganTree prove that "the **properly construed** claim reads on the accused device **exactly**." *CommScope Techs. LLC v. Dali Wireless Inc.*, 10 F.4th 1289, 1298 (Fed. Cir. 2021) (emphasis added). Because LoganTree's pseudo-equivalency argument cannot meet that standard, its argument should be rejected, and summary judgment granted.

### B.   There is no Genuine Dispute of Material Fact that Garmin's Accused Products do not Infringe the Time Stamp Limitation

Garmin moved for summary judgment of no direct infringement based on, among other things, LoganTree's complete failure of proof in support of its contention that the Accused Products record a time stamp to the second when a user of the Accused Products reaches their daily step goal, as required to prove infringement of the '576 Patent. *See generally* ECF 190, 191. Garmin's Accused Products simply do not do this. They record time stamps at intervals and not when a user hits his or her step goal. This is why none of the tests submitted by either party show a time stamp equaling a step goal.  Occasionally, the Accused Products might write a time stamp that is related to other fitness metrics (e.g., change of heart rate, elevation, speed, etc.). And in addition to recording those fitness metrics, they will also record the step count. These time stamps will be recorded when the device detects these other fitness metrics and may, in some instances, appear shortly before or after a step goal is met. But these time stamps are untethered to the step goal and cannot be infringement and there is no evidence to suggest otherwise.

As Garmin explained, "LoganTree provided no citation to the source code, technical evidence, or deposition testimony to show the Accused Products record a time stamp when the user-defined step goal is achieved." ECF 191, at 8, SOF ¶ 10. The record evidence establishes the opposite—that the Accused Products do **not** save a time stamp and the associated user step goal to

the .FIT file when a user achieves the manual step goal. *Id*. at 8, SOF ¶ 11. Garmin supported that

assertion with the opinions of its non-infringement expert, who reviewed the source code, and the

testimony of two Garmin engineers, all of whom confirmed the Accused Products did not record

a time stamp when the user's daily step goal was met. *Id*. Accordingly, to defeat Garmin's motion,

LoganTree was required to "bring forward specific facts showing a genuine issue for trial[.]" *O.J.*

*of Stillwater, Inc. v. Davidson*, 242 F.3d 389 (10th Cir. 2000). In this instance, that means specific

facts from which a jury could conclude the Accused Products do store a time stamp when the user's

daily step goal was met. Not only did LoganTree fail to present such facts, its own testing shows

no infringement. Accordingly, summary judgment of no infringement is mandated.

> **1.** **There is no Genuine Dispute Regarding the Operation of the Accused Products—They do not Store a Time Stamp to the .FIT file when the User Hits Their Daily Step Goal**

When it comes to a device's software, it is the source code that dictates the functionality

of the device. *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1355 (Fed. Cir. 2014) ("Courts have

defined source code as 'the spelled-out program commands that humans can read.' . . . Object code

refers to 'the binary language comprised of zeros and ones through which the computer directly

receives its instructions'"). Thus, if Garmin's Accused Products recorded a time stamp when the

user met their daily step goal, that functionality would necessarily be reflected in the Accused

Products' source code.

The need for source code evidence in cases such as this one, where the operation of

software is at issue, is of heightened importance. Here, the importance of the source code is

particularly critical to LoganTree's infringement case, as its own testing shows no infringement.

As is now well-documented before the Court, Garmin has maintained for years the Accused

Products do not operate as LoganTree alleged and that the source code would prove Garmin

correct. LoganTree itself also identified the source code specifically as the evidence it characterized as "invaluable" to its infringement case:

> The source code would be invaluable because at this point in time Garmin has, one, accused us that our testing was in some form manipulated, and they're going to attach our data results. So I think to the extent of, you know, winning those arguments and saying that our testing was inaccurate or manipulated or whatnot, with that risk, then I think the source code is invaluable for us.

**Ex. B**, *06/08/2021 Transcript of Discovery Conference Hearing*, at 16:23–17:7. Ultimately, Garmin produced printed copies of ***all*** of its source code that related to the step counting functionality of the Accused Products. *Id*. at 22:9–23:19. Thus, if Garmin's Accused Products operated as LoganTree alleged, there would be evidence of that functionality in the source code. Tellingly, LoganTree could find no such evidence. Nor did it rely on a single citation to Garmin's source code to rebut Garmin's motion for summary judgment. *See* ECF 191, at 8, SOF ¶¶ 10–11. LoganTree's failure to identify any source code instructing the Accused Products to store a time stamp when the user meets their daily step goal is fatal to LoganTree's case and warrants summary judgment. *Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1369–70 (Fed. Cir. 2004) ("We have also noted that 'typically' expert testimony will be necessary in cases involving complex technology"); *Wi-LAN Inc. v. Sharp Elecs. Corp.*, 362 F. Supp. 3d 226, 234 (D. Del. 2019) (granting summary judgment of no infringement because Plaintiff failed to advance admissible source code evidence, holding that "without source code from the SoC manufacturers, no reasonable juror could find that Defendants' accused televisions practice the limitations of the asserted claims"); *Implicit Networks Inc. v. F5 Networks Inc.*, 2013 WL 1007250, at * 13 (N.D. Cal. Mar. 13, 2013) ("[Plaintiff] has the burden, especially in a technically complex case such as this, to show by expert testimony how the accused products actually work"). Of course,

LoganTree's goose chase was doomed to fail as Garmin's Accused Products do not record a timestamp when the user hits his or her step goal.

As LoganTree has no testing, documentation, source code, or other actual evidence to support its case, ECF 194, at 6, LoganTree tried to give the appearance of a factual dispute by stating that it "provided deposition testimony to show the Accused Products record a time stamp when the user-defined step goal is achieved." *Id*. But the deposition testimony cited shows no such thing. *Id*. Instead, the cited deposition testimony all pertained to either TechPats—the consulting firm relied upon by LoganTree—or LoganTree's expert, Monty Myers', understanding of the Court's claim construction. *See* ECF 194-3.  Significantly, nowhere in the cited deposition testimony is the source code for the Accused Products discussed at all.[2] *Id*.

Moreover, "just saying that something is so does not make it true, especially when there is no record support and, in fact, the [record evidence] indicates otherwise," as the .FIT file evidence does here. *Dominion Energy, Inc. v. Alstom Grid LLC*, 725 F. App'x 980, 986 (Fed. Cir. 2018); ECF 191, at 7, SOF ¶¶ 7–9. Any such rank speculation by Myers that the Accused Products ***may*** record a timestamp when the user-defined event occurs cannot save LoganTree's case from summary judgment. *O.J. of Stillwater*, 242 F.3d at 389 (explaining that "[m]ere speculation of plausible alternative scenarios will not suffice" to survive summary judgment).

---

[2] It appears that LoganTree's citation to pages 38:6 – 44:19 may have been a citation to the ***rough*** deposition transcript, which LoganTree submitted to the Court during the preparation of the Pretrial Order. However, nothing in the cited portion of Myers' rough deposition transcript relates to the source code for the Accused Products either. *See* **Ex. C**, *Excerpts of Rough Myers' Depo Trans.*, at 38–44. The entirety of the cited portion of that transcript also relates only to the Court's claim construction and Myers' understanding of it. *Id*.

The source code for the Accused Products confirms what Garmin has maintained for years—the Accused Products are not programmed or instructed to store a time stamp when a user of the Accused Products meets their daily step goal. Summary judgment must be granted.

**2.      *LoganTree's Alleged Evidence it Contends Shows that Garmin's Accused Products Store a Time Stamp when the User Hits Their Daily Step Goal is Insufficient to Create a Genuine Material Dispute***

Lacking any evidence in the source code to suggest Garmin's Accused Products infringe, LoganTree advances several immaterial and conclusory claims in an effort to avoid summary judgment. ECF 194, at 14–15.

Starting with the Fenix 5 and Vivosport, LoganTree identifies several pieces of alleged evidence it contends supports its claim that the Fenix 5 stores a timestamp when the daily step goal is met. ECF 194, at 14. But the alleged evidence LoganTree cites for the sole material dispute— whether the Fenix 5 stores a time stamp at all when the user hits their daily step goal—are conclusory and unsupported. Specifically, LoganTree points to Myers' testimony stating his ***belief*** that the user exceeded the step goal of 750 steps, but "chose to write 687 in the FIT file." ECF 194-3, at 102:6–7. The same quality of testimony is identified for the Vivosport. *Id*. at 133:13–19. However, Myers does not support his stated belief with any actual evidence. *Id*. at 102:6–7; 133:13–19. LoganTree also identifies a page from Myers' expert report. ECF 194, at 14. This too, however, just shows select entries from the Fenix 5 and Vivosport's .FIT files, none of which show what Myers claims. ECF 194-2, at 104, 187; ECF 191, at 7, SOF ¶ 9; *id.* at 13. Absent ***any*** supporting evidence, Myers' speculation can be ignored. *Dominion Energy*, 725 F. App'x 980, 986 (Fed. Cir. 2018); *O.J. of Stillwater*, 242 F.3d at 389. The actual evidence, of course, shows no infringement.

Turning to the Forerunner 25 and 235, which LoganTree addresses together, LoganTree improperly relies on its Garmin Connect infringement theory stricken from the case (an Order that LoganTree never appealed). *See generally* ECF 186; *see also* ECF 194-3, at 141:10–142:5. Regardless, the evidence LoganTree identifies to suggest a time stamp is stored is just more conclusory, unsupported testimony from Myers, none of which are supported by any evidence. ECF 194-3, at 142:5–24.

Finally, as to the Vivofit, LoganTree again advances an improper new infringement theory for the first time. Specifically, LoganTree contends "the Vivofit works differently than the other Accused Products because the data in the .FIT file[3] is logged in a curve, which is then compared to the goal." ECF 194, at 15. The absurdity of this argument is demonstrated by the fact that the Vivofit only recorded time stamps that were ***hundreds of steps away from the 750 step goal***. <u>See</u> <u>FN3.</u> But more problematically, LoganTree has never disclosed this theory of infringement, as reflected in LoganTree's contentions in the Pretrial Order. *See* ECF 187, at 7–9. Of course, this is not the first time LoganTree has tried to improperly add new theories to the case. *See* ECF 186. But even if this theory had been properly disclosed, it lacks merit. LoganTree cites to just three lines from Myers' deposition transcript, but this cited testimony appears to relate to the Forerunner 25 product, and Myers makes no mention of data being logged in a curve. *See* ECF 194-3, at 149:3–6. But even if this was a fair characterization of the Vivofit's operation, LoganTree does not explain how its logging of the .FIT file data on a curve that does not indicate the time at which the step goal was met would read on the time stamp limitation as construed by the Court. ECF 194, at 15. Thus, the Court can summarily reject this argument and grant summary judgment.

---

[3] LoganTree's Vivofit argument and evidence is particularly troubling. The .FIT file does not contain any time stamp at the step goal of 750 steps. Instead, LoganTree relies on a time stamp indicating 290 steps, a step count that is 460 steps away from the goal. ECF 191, at 2; ECF 191-5, at 6.

**C.      LoganTree's Circumstantial Evidence that Garmin Directly Infringed Method Claim 20 is Conclusory, Unsupported, and Insufficient to Survive Summary Judgment**

To infringe claim 20, LoganTree must prove that Garmin actually performed each and every step of method claim 20 during the damages period of March 2015 to November 2017. Inexplicably, LoganTree did not conduct a single bit of discovery on this topic and never addressed this topic in any deposition. Acknowledging its lack of evidence, LoganTree advances a circumstantial theory of infringement that asks to survive summary judgment on nothing more than pure conjecture that Garmin must have performed the infringing method of claim 20 during the damages period when it prepared its user manuals. ECF 194, at 18–20. There is not a scintilla of evidence upon which a reasonable juror could conclude Garmin performed the infringing steps during the damages period and the Court must decline LoganTree's invitation to turn the trial into a sideshow of rampant speculation.

Surprisingly, LoganTree does not provide the Court with a single user manual as evidence of the alleged infringing instructions. To avoid summary judgment, LoganTree *must* come forward with more than attorney argument. Fed.R.Civ.P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed ***must*** support the assertion by: (A) citing to particular parts of materials in the record …") (emphasis added). This would require, at a minimum, submitting the instruction manuals upon which LoganTree asks this Court to rely in denying summary judgment. The fact that LoganTree failed to submit the instruction manuals is not surprising—not a single manual includes instructions on how to infringe the '576 Patent. This is because Garmin never instructs its users to create a timestamp indicating when the step goal was met. Without such evidence, LoganTree cannot survive summary judgment.

LoganTree's reliance on *Lucent Techs., Inc. v. Gateway, Inc.* likewise fails. ECF 194, at 18–20 (citing *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1318 (Fed. Cir. 2009)). *Lucent*

does not stand for the proposition that a plaintiff can avoid summary judgment simply by pointing to **unproven** circumstantial evidence. Instead, in *Lucent*, the Federal Circuit required two pieces of circumstantial evidence to support its infringement theory: (1) that the Accused Products were designed to practice the claimed method; and (2) that the defendant instructed its customers to use the accused products in an infringing way. *Lucent*, 580 F.3d at 1318. LoganTree fails on both counts. First, LoganTree admitted that Garmin's Accused Products are designed to avoid infringement. ECF 187, at 8. Second, as noted above, LoganTree has no evidence that Garmin instructs its users to create a timestamp for a step goal. Third, there is no evidence Garmin provided any such instructions during the relevant timeframe. Thus, *Lucent* is irrelevant.[4]

### D.   LoganTree Still has not Defined the Scope of the Claims with Reasonable Certainty, Rendering the Claims Indefinite

The crux of Garmin's argument regarding indefiniteness is that LoganTree's contradictory statements regarding the meaning of "unrestrained movement in any direction" before the Patent Office and this Court make it impossible to ascertain the proper scope of the claims with reasonable certainty. ECF 194, at 23–29. Specifically, Garmin explained that LoganTree continuously altered its characterization of the claims to suit its needs, reading the claims one way to preserve validity before the patent office and redefining its patent claims in a different manner in this Court to support its infringement allegations:

<u>LoganTree's Inconsistent Statements</u>

- <u>Patent Office Reexamination</u> – Prior art references Vock/Flentov teach "measuring unrestrained movement" in 6 directions, but LoganTree claims 6 directions is insufficient to measure movement in any direction under the claims. ECF 191, at 24–25.

---

[4] In *E-Pass Techs., Inc. v. 3Com Corp.*, the patentee actually submitted the product manuals as evidence, but the Federal Circuit still found them insufficient finding the manual was "too speculative a leap." *E-Pass*, 473 F.3d 1213, 1222 (Fed. Cir. 2007). The Court should decline LoganTree's request to make the same speculative leap without the user manuals.

- Patent Office *Inter Partes* Review – Prior art reference Stewart teaches measuring movement in 9 directions, but LoganTree claims 9 directions is insufficient to measure movement in any direction under the claims. *Id.*

- District of Kansas – Accused Products measure movement in 3 directions and LoganTree claims this is sufficient to measure movement in any direction under the claims. *Id.*

LoganTree also inconsistently argued that devices worn on the body were "restrained" to avoid a finding of invalidity, while claiming an identical arrangement in the Accused Products was "unrestrained:"





*Id.* at 25–26. LoganTree's statements cannot all simultaneously be true. *Id.* at 25–26. And LoganTree has been unable to resolve that contradiction and provide a unifying definition for

"unrestrained movement in any direction." Instead, LoganTree endeavors to distract from the relevant issue. ECF 194, at 21–22.

First, LoganTree incorrectly claims the patentee in *Infinity Computer* "wholly defined claim terms differently rather than merely making arguments against prior art." *Id*. at 21. This is plainly false—the problem for the patentee in *Infinity Computer* arose directly from the patentee's inconsistent statements made in arguments about the prior art. *Infinity Computer Prods., Inc. v. Oki Data Ams., Inc.*, 987 F.3d 1053, 1059 (Fed. Cir. 2021) (explaining that the district court found the patentee made materially inconsistent statements first to distinguish the Perkins prior art reference and then to antedate the Kenmochi prior art reference); *id.* at 1060 (affirming the district court's decision finding the claims indefinite based on the patentee's arguments distinguishing the Perkins prior art reference).

LoganTree then claims (without elaboration) that Garmin erred in analogizing to *Infinity Computer* because LoganTree has "never made materially inconsistent statements about the claims," and has always "consistently support[ed] a cohesive argument which supports its definitions of the claims." ECF 194, at 22. But as the charts above and in Garmin's opening brief demonstrate, that is exactly what LoganTree did. ECF 191, at 25–26. LoganTree cannot survive summary judgment just by waiving its hands and assuring the Court its position has been consistent and clear, especially given LoganTree's history of making inconsistent statements to different Courts. ECF 186, at 28–29.

Nor can LoganTree's reliance on the testimony of its expert, Ferrese, save it, as Ferrese's testimony actually highlights LoganTree's critical failing. As LoganTree notes, Ferrese testified that "unrestrained to me would mean that the movement is not inhibited by an external force . . . [s]o from an engineering standpoint we describe space using three axes Y, X and Z . . . so in any

direction would mean that any of those movements along any of those axes would be available." ECF 194, at 24 (quoting *Ferrese Depo. Trans.*, at 8:15–9:2). But as Garmin stated during claim construction, "[i]t appears LoganTree misapprehends that the indefiniteness does not [arise] from the plain language itself but from LoganTree's inconsistent applications of this phrase that leaves the parties, the Court, the jury, and the experts unable to ascertain the true scope of this phrase." *Garmin's Reply Claim Construction Brief*, ECF 94, at 11. As it did during claim construction, LoganTree misses the point.

While Ferrese advanced a definition for this phrase in isolation, Ferrese, like LoganTree, failed to reconcile that definition with LoganTree's prior statements. Both portions of Ferrese's definition conflict with LoganTree's application of the phrase. For example, Ferrese testified that "unrestrained" means "the movement is not inhibited by an external force," but this conflicts with LoganTree's assertion that a sensor attached to a hip (the '576 Patent's claimed invention) or wrist (the Accused Products) *would* measure unrestrained movement, while a sensor attached to the head (Stewart) or to a ski/snowboard attached to the foot (Vock/Flentov) *would not* measure unrestrained movement. ECF 191, at 26. But there is no apparent reason why the '576 Patent's claimed invention and the Accused Products would meet Ferrese's definition, while the devices of Stewart and Vock/Flentov would not. Only LoganTree and its expert know when a sensor is "restrained" and when it is "unrestrained." Similarly, while Feresse testified that movement along three axes would constitute movement "in any direction," he failed to explain how it can also be the case that Vock/Flentov's measuring of movement in six directions, and Stewart's measuring of movement in nine directions, do not measure movement "in any direction," as LoganTree contends. Ultimately, Feresse recanted his opinion and left this court with no explanation on how

this claim is definite. Simply put, the expert testimony cited by LoganTree does not address the relevant dispute in question, and summary judgment is required.

At its core, Garmin's argument rests on LoganTree's inconsistent positions between this Court, the U.S. Patent Office, and the Patent Trial and Appeal Board.  Garmin's motion rests on the unremarkable proposition that the claims in a patent should not change meaning based on the forum or situation. Instead of addressing this problem, LoganTree's opposition makes clear that it will say whatever it needs to say in order to maintain the validity of its patent, regardless of whether it is inconsistent with statements made to other tribunals. Regrettably, this appears to be standard operating procedure for LoganTree across its various lawsuits against numerous defendants. This Court already found that LoganTree engaged in gamesmanship by being less than forthcoming with various Courts in an attempt to save the validity of the '576 Patent:

> This explains why LoganTree abandoned some of its early accusations against Garmin Connect to make the arguments necessary in other forums to have the validity of its patent upheld only to then reintroduce the separate Garmin Connect servers back into this case. It also explains LoganTree's bizarre procedural history in this case in perpetuating an arguably frivolous dispute over source code printouts to buy more time to prepare its infringement expert disclosures. [] LoganTree's lack of any direct response to these serious allegations leaves the court to conclude that there is no explanation for LoganTree's new infringement theories other than that they appear to have been motivated by gamesmanship.

ECF 186, at 28–29 (the Court may find a full procedural history of LoganTree's inconsistent statements to different courts at pages 25-28); *see also* ECF 158, at 4–5 (providing further details on LoganTree's inconsistent positions).

The Court should put an end to LoganTree's antics, which raise serious questions regarding its duty of candor and its good faith obligations under Rule 11. Indeed, the Supreme Court, since 1886, has noted that manipulating the meaning of the claim to avoid invalidity while applying another meaning to preserve infringement is "unjust" and an "evasion of the law":

> The context may, undoubtedly, be resorted to, and often is resorted to, for the purpose of better understanding the meaning of the claim; but not for the purpose of changing it, and making it different from what it is. The claim is a statutory requirement, prescribed for the very purpose of making the patentee define precisely what his invention is; and it is unjust to the public, as well as an evasion of the law, to construe it in a manner different from the plain import of its terms. This has been so often expressed in the opinions of this court that it is unnecessary to pursue the subject further.

*White v. Dunbar*, 119 U.S. 47, 51–52 (1886); *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("Because the claims of a patent measure the invention at issue, the claims must be interpreted and given the same meaning for purposes of both validity and infringement analyses. A patent may not, like a 'nose of wax,' be twisted one way to avoid anticipation and another to find infringement.") (internal citations and quotations omitted). LoganTree's antics have rendered the term "measuring unrestrained movement in any direction" meaningless and the Court must put a stop to this behavior by granting summary judgment.

## IV.    Conclusion

LoganTree has utterly failed to come forward with any evidence that would be sufficient to create a genuine dispute of material fact sufficient to defeat Garmin's motion for summary judgment. Accordingly, summary judgment is required, and Garmin respectfully requests the Court grant its motion and find that Garmin has not infringed any of the asserted claims, and that the asserted claims are invalid as indefinite.

Dated: January 27, 2022                Respectfully submitted,

                                       ERISE IP, P.A.

                                       */s/ Adam P. Seitz*
                                       Adam P. Seitz, KS Bar #21059
                                       Megan J. Redmond, KS Bar #21999
                                       Carrie A. Bader, KS Bar #24436
                                       Clifford T. Brazen, KS Bar #27408
                                       ERISE IP, P.A.
                                       7015 College Blvd., Suite 700
                                       Overland Park, Kansas 66211
                                       Telephone: (913) 777-5600
                                       Facsimile: (913) 777-5601
                                       adam.seitz@eriseip.com
                                       megan.redmond@eriseip.com
                                       carrie.bader@eriseip.com
                                       cliff.brazen@eriseip.com

                                       *Attorneys for Defendant Garmin International, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that, on January 27, 2022, the foregoing document filed with the Clerk of the Court using CM/ECF and that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system accordingly.

                            By: */s/ Adam P. Seitz*
                                Adam P. Seitz