IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LOGANTREE LP,

    *Plaintiff,*

vs.

GARMIN INTERNATIONAL, INC.,

    *Defendant.*

Case No. 17-1217-EFM

**MEMORANDUM AND ORDER**

In this patent infringement suit, Plaintiff LoganTree LP alleges that Defendant Garmin International Inc.'s activity trackers infringe reexamined U.S. Patent No. 6,059,586 (the " '576 Patent"). This matter comes before the Court on LoganTree's Motion to Partially Exclude Certain Opinions of William R. Michalson Under Rule 702 (Doc. 215). Dr. Michalson is Garmin's expert on non-infringement of the '576 Patent. For the reasons discussed below, the Court grants LoganTree's motion.

**I.    Legal Standard**

Federal Rule of Evidence 702 governs expert testimony. It provides that a witness "qualified as an expert by knowledge, skill, experience, training, or education" may provide opinion testimony if:

    (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b)  the testimony is based on sufficient facts or data;

    (c)  the testimony is the product of reliable principles and methods; and

    (d)  the expert has reliably applied the principles and methods to the facts of the case.[1]

Rule 702 imposes a "gatekeeping role" upon the district court to ensure that expert testimony is relevant and reliable and that it will assist the trier of fact.[2] Under this rule, the Court must first "determine whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion."[3] If so, the Court "must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology."[4] And finally, the Court must examine "whether [the] proposed testimony is sufficiently 'relevant to the task at hand.' "[5] "Relevant evidence 'means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' "[6] The party offering the expert testimony bears the burden of showing that it is admissible.[7]

---

[1] Fed. R. Evid. 702.

[2] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); *Schulenberg v. BNSF Ry. Co.*, 911 F.3d 1276, 1282 (10th Cir. 2018) (citing *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009)).

[3] *Schulenberg*, 911 F.3d at 1282 (internal quotation marks and citation omitted).

[4] *Id*. at 1283 (quotation marks and citation omitted).

[5] *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1234 (10th Cir. 2005) (quoting *Daubert*, 509 U.S. at 597).

[6] *Id* (quoting Fed. R. Evid. 401).

[7] *Nacchio*, 555 F.3d at 1241.

"The [C]ourt has discretion to determine how to perform its gatekeeping function under *Daubert*."[8] The Court may, but is not required to, conduct a *Daubert* hearing to fulfill this role.[9] Here, neither party has requested a *Daubert* hearing, and after reviewing the parties' briefs, the Court concludes that the motion can be decided without a *Daubert* hearing.

## II.   Analysis

Garmin offers Dr. Michalson as its expert on Garmin's non-infringement of the '576 Patent. In Section XII of Dr. Michalson's Expert Report, Dr. Michalson opines as to how the Garmin products accused of infringement in this litigation practice Garmin's patents. LoganTree moves the Court to exclude this opinion at trial because it is legally impermissible and will not help the jury understand the evidence or determine a fact in issue.

It is well-settled that "the existence of one's own patent does not constitute a defense to infringement of someone else's patent."[10] Thus, the Court agrees with LoganTree that Dr. Michalson cannot opine that Garmin's products practice Garmin's patents to support Garmin's non-infringement defense.

Garmin does not dispute that Dr. Michalson's opinion is not admissible to support Garmin's non-infringement defense. Instead, Garmin argues that Dr. Michalson's opinion is admissible because it is essential to Garmin's critique of LoganTree's damages claim. Garmin asserts that Garmin's products include features unrelated to the step counting functionality that

---

[8] *In re EpiPen (Epinephrine Injection, USP) Mktg. Sales Practices & Antitrust Litig.*, 2020 WL 1164869, at *3 (D. Kan. 2020) (citing *Bill Barrett Corp. v. YMC Royalty Co., LP*, 918 F.3d 760, 770 (10th Cir. 2019)).

[9] *Id*. (citing *Goebel v. Denver & Rio Grande W. R.R. Co*., 215 F.3d 1083, 1087 (10th Cir. 2000)).

[10] *Bio-Tech. Gen. Corp. v. Genentech, Inc*., 80 F.3d 1553, 1559 (Fed. Cir. 1996) (quoting *Vaupel Texilmaschinen KG v. Meccanica Euro Italia S.P.A*., 944 F.2d 870, 879 n.4 (Fed. Cir. 1991)).

LoganTree accuses of infringing the '576 Patent. As a result, Garmin argues that the amount of infringement damages must be apportioned so that LoganTree may only recover for the value of its invention rather than the value of the watches as a whole.[11] Garmin asserts that several of its patents cover the additional features found in its products, and thus, the required apportionment analysis must analyze the value of the other patented components. According to Garmin, this analysis involves Dr. Michalson first offering an opinion as to whether Garmin's own patented technology was being used in the products. Then, Garmin's economic expert, Dr. Finch, used Dr. Michalson's technical opinions to analyze and critique LoganTree's damages request by opining that LoganTree's damages expert did not correctly apportion damages in his calculations.

Even in this context, the Court concludes that Dr. Michalson's opinion is not helpful to the jury.[12] Garmin has not pointed to any evidence showing that Dr. Finch performed his own apportionment analysis in critiquing LoganTree's damages claim. Instead, Dr. Finch opines that LoganTree's damages expert was required to perform an apportionment analysis and that he did not do so. Dr. Finch provides no analysis as to what value Garmin's patents would have within the Accused Products or the amount by which that value reduces LoganTree's damages calculation. Instead, he only opines that LoganTree's expert failed to properly apportion damages. This critique could be made without reference to whether Garmin's products practice Garmin's

---

[11] In support of this assertion, Garmin cites *Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332, 1347-48 (Fed. Cir. 2018)).

[12] The parties dispute whether LoganTree is seeking damages for infringement based on Garmin's watches as a whole or just the step-counting feature of the watches. Garmin asserts that LoganTree's damages expert has proffered an opinion that seeks damages on the entire watch. LoganTree calls this assertion a "gross mischaracterization." LoganTree asserts that its damages expert has calculated damages based on Garmin's licenses with third parties covering certain features of the watches. The Court does not address this dispute in this Order.

patents.  Therefore, Garmin's apportionment theory is not a persuasive defense to LoganTree's motion.

The Court concludes that Garmin has not met its burden to show that Dr. Michalson's opinion regarding whether Garmin's watches practice Garmin's patents is admissible.[13]  Dr. Michalson cannot opine that Garmin's watches practice Garmin's patents to support his non-infringement opinion.  Furthermore, even in a damages context, Dr. Michalson's opinion is not helpful to the jury because Garmin's damages expert does not use the patents to perform any kind of economic analysis.  Therefore, the Court grants LoganTree's Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Partially Exclude Certain Opinions of William R. Michalson Under Rule 702 (Doc. 215) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 11th day of October, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[13] *See Nacchio*, 555 F.3d at 1241 (stating that the proponent of expert testimony bears the burden of showing its admissibility) (citation omitted).